

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,245-02

### EX PARTE MAURICE SAMUEL ARRINGTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 69198-B IN THE 426TH DISTRICT COURT
### FROM BELL COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to deliver a controlled substance weighing four grams or more but less than 200 grams and sentenced to thirty-five years' imprisonment. The Third Court of Appeals affirmed his conviction. *Arrington v. State*, No. 03-13-00066-CR (Tex. App.—Austin March 5, 2015)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel: (1)

failed to file a motion to suppress the evidence based on an illegal arrest; (2) failed to a file a motion to suppress Applicant's statement obtained by police following an illegal arrest; (3) failed to suppress Applicant's coerced confession and interrogation video; (4) allowed the prosecution to delete parts of the interrogation video to make Applicant's statements admissible in court; (5) failed to file a motion to disclose informant(s); (6) failed to object to Applicant's denial of a public trial; (7) failed to conduct an investigation into expert witness Detective Carl Pergande; (8) failed to object to the admission of firearms; (9) failed to object to insinuations by the State that Applicant intended to hurt the confidential informant; (10) failed to object to the prosecution "vouching" for a witness; (11) failed to object to the altered interrogation video; (12) failed to object to the admission of Applicant's criminal history that was over ten years old; (13) failed to object to the State's comment on Applicant's right to remain silent during police questioning; (14) failed to present a defense; and, (15) failed to object to the State entering into evidence the police reports during closing argument.

Applicant also contends that appellate counsel rendered ineffective assistance for failing to raise sufficiency of the evidence on direct appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court shall also order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent.

If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 11, 2017
Do not publish